IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARON D. HOWARD, ) | |
| AIS #159809, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-692-TMH |
| ) | |
| DR. McWATER (a.k.a., DR. McWHORTER), ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Daron D. Howard ["Howard"], an indigent inmate presently confined at the Butler County Jail, challenges the medical treatment provided to him during his confinement in the Covington County Jail.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Covington County Jail and an unidentified county commissioner are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

---

[1] The court granted Howard leave to proceed *in forma pauperis*. *Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The Covington County Jail

A county jail is not a legal entity subject to suit or liability under section 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the plaintiff's claims against the Covington County Jail are due to be dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id*.

### B.  The Unidentified County Commissioner

Howard simply lists "county commissioner" as a defendant in this cause of action.  Compl. (Doc. No. 1) at 2.  To the extent the plaintiff seeks to hold a county commissioner liable under 42 U.S.C. § 1983 for the medical treatment provided to him during his confinement in the Covington County Jail, he is entitled to no relief.  "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))."  *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998).  Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control."  *Id*. 1292.  In deciding whether a county commission is liable under § 1983, "[a] court's task is to 'identify those officials

or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). State law is well settled that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288.[2]

As is clear from the foregoing, "Alabama sheriffs are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292. "For § 1983 liability to attach to a county [and/or its commissioners], the policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs possess only state policymaking authority when running the day-to-day affairs of a jail. *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Moreover, a county commission and its individual members are entitled to absolute immunity under § 1983 for claims

---

[2] Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)"

arising from the appropriation of funds for the maintenance and operation of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998). Thus, the plaintiff's claims against a county commissioner with respect to claims related to medical treatment provided to him while confined at the Covington County Jail are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Covington County Jail be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against the unidentified county commissioner be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3. The Covington County Jail and county commissioner be dismissed as defendants in this cause of action.

4. The plaintiff's claims against the remaining defendants be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before August 28, 2012** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE