IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARON D. HOWARD, #159809, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-692-TMH |
| ) | [WO] |
| ) | |
| DR. MILLARD McWHORTER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Daron D. Howard, ["Howard"], an indigent inmate, on August 8, 2012.[1] In this complaint, Howard first alleges that he received inadequate medical treatment while incarcerated at the Covington County Jail during the latter part of 2009.[2] With respect to this period of incarceration, Howard asserts that the jail's medical personnel "did not assist [him] with

---

[1] The Clerk stamped the complaint "received" on August 10, 2012. However, Howard indicates that he presented the complaint to jail officials for mailing on August 8, 2012. *Complaint - Doc. No. 1* at 4. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Howard] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers August 8, 2012 as the date of filing.

[2] Although Howard initially identifies the term of incarceration as May 2009 to October 2009, *Complaint - Doc. No. 1* at 2, the records filed by the defendants establish that Howard was booked into the Covington County Jail on September 22, 2009 and released from the jail on November 19, 2009, the only period of time in 2009 that Howard was confined in the Covington County Jail, and Howard does not dispute that this is the actual period of his 2009 incarceration. *See Plaintiff's Response - Doc. No. 30*.

[his] pain and suffering" and Dr. McWhorter never personally conducted a physical examination of him. *Complaint - Doc. No. 1* at 3. Howard maintains that in December of 2009, after his release from the Covington County Jail, he "was hospitalized at Southeast Medical in Dothan and then was transferred to UAB . . . [and] diagnosed with Polymyositis." *Id*.[3] Howard also appears to challenge the medical treatment he received during his subsequent incarceration in the Covington County Jail from "March 13, 2012 to May 25, 2012." *Id*. at 2. Howard seeks monetary damages and declaratory relief for the alleged violations of his constitutional rights.

The defendants filed a special report, supplements to the report and supporting evidentiary materials addressing Howard's claims for relief. In these documents, the defendants adamantly deny they acted with deliberate indifference to Howard's medical needs.[4] In addition, the defendants assert that the claims related to treatment provided during Howard's incarceration in 2009 are barred by the applicable statute of limitation. *Defendants' Special Report - Doc. No. 28* at 15. The defendants further argue that the complaint is due to be dismissed because Howard failed to properly exhaust an administrative remedy available to him at the Covington County Jail with respect to the claims presented in this cause of action. *Id*. at 15-16. The defendants base their exhaustion

---

[3] Howard advises that Polymyositis is a rare chronic inflammatory muscle disease which causes weakness of the skeletal muscles.

[4] The medical records compiled contemporaneously with the treatment provided to Howard support this assertion.

defense on the plaintiff's failure to file a grievance regarding the claims presently pending before this court as allowed by the jail's grievance procedure. *Id*.

On October 12, 2012, the court provided Howard an opportunity to file a response to the defendants' report with respect to each of the arguments set forth by the defendants addressing his claims for relief. *Doc. No. 29* at 1. In his response to this order, Howard does not dispute his failure to timely file the complaint as to the 2009 deliberate indifference claims or his failure to exhaust the administrative remedy provided by the Covington County Jail with respect to each of the claims presented in the complaint. *See Doc. No. 29*.

Based on the foregoing, the court deems it appropriate to treat the defendants' report as a motion to dismiss on both statute of limitations and exhaustion grounds. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) (Although "an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment . . . it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'").

## II. DISCUSSION

### A. Claims Barred by the Statute of Limitations

In their special report and answer, the defendants raise the affirmative defense that

3

Howard's claims addressing medical treatment provided to him during his confinement in 2009 are barred by the applicable statute of limitations.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the §1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47, 85 L. Ed. 2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The statute of limitations begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Bd.*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Econ. Opportunity Atlanta, Inc.*, 516 F .2d 924, 930 (5th Cir. 1975)). A section 1983 action therefore accrues when the plaintiff knows or has reason to know of the underlying claims. *Calhoun*, 705 F.2d at 424.

As previously noted, *supra* at p.1 n.1, the earliest date the complaint could be deemed to have been filed is August 8, 2012. By it express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Howard from application of the time

bar.[5] Howard knew or clearly had reason to know of his claims regarding an alleged lack of treatment during his 2009 incarceration at the time of receiving such treatment as Howard repeatedly concedes knowledge of suffering pain throughout the relevant period of time. Moreover, at the very latest, Howard knew or should have known of all facts relevant to these claims upon the December of 2009 diagnosis that he suffered from Polymyositis. Despite this knowledge, Howard waited until August 8, 2012 to file this cause of action challenging the medical treatment provided to him during his incarceration at the Covington County Jail in 2009, which is beyond two years from the time when these claims accrued. Specifically, in viewing the facts in the light most favorable to Howard, the statute of limitations began to run on these claims in December of 2009. The two-year period of limitation ran uninterrupted until it expired in December of 2011. Therefore, the claims arising from medical treatment provided during Howard's confinement in the latter months of 2009 are barred by the two-year statute of limitations rendering this action frivolous as to these claims. *Clark v. Georgia Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332."). In light of the foregoing, dismissal of the claims

---

[5] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues . . . insane." *Ala. Code* § 6-2-8(a). The pleadings filed herein demonstrate that Howard was not legally insane at the time of the challenged event so as to warrant tolling under *Ala. Code* § 6-2-8(a).

relevant to medical treatment rendered in 2009 is appropriate.

### B. Failure to Exhaust Administrative Remedy

**1. Standard of Review Applicable to Exhaustion Defense**.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376)." *Myles v. Miami-Dade Cnty. Corr. and Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012).

Upon review of the undisputed facts of this case as evidenced by the complaint, the evidentiary materials filed by the defendants and the plaintiff's response, the court concludes that the defendants' motion to dismiss for failure to exhaust is due to be granted.

**2. Dismissal of Complaint for Lack of Exhaustion**.

Howard challenges the medical treatment provided to him during two separate terms of incarceration in the Covington County Jail. Howard does not allege that he submitted a grievance to jail officials regarding the claims presented in the instant complaint and the

records submitted by the defendants demonstrate that Howard failed to submit any such grievance before filing this cause of action.  The defendants therefore maintain that this case is subject to dismissal because Howard failed to properly exhaust the administrative remedy provided at the Covington County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

    The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006).  Moreover, "the PLRA exhaustion

requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. 548 U.S. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

The record in this case establishes that the Covington County Jail provides an

administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Defendants' Exhibit A (Policy and Procedure Directive for Inmate Grievances) - Doc. No. 28-3* at 5. The grievance procedure allows an inmate to submit grievances to the Jail Administrator with respect to matters/conditions occurring at the Covington County Jail. The relevant portion of the grievance procedure provides that "[i]nmates must file a completed grievance form within 7 days from the date of the occurrence upon which the grievance is based. Completed grievance forms will be delivered to the Jail Administrator who will respond to the grievance." *Id*. Upon receipt of a response to the grievance from the Jail Administrator, the inmate may appeal "[t]he decision . . . to the Sheriff in writing within seventy-two (72) hours of the receipt of the grievance decision." *Id*. The record is devoid of any evidence that Howard filed a grievance addressing the medical treatment provided to him during either stint of incarceration made the basis of this complaint.

It is undisputed that Howard failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on his claims. Specifically, Howard did not file a grievance regarding the claims presented in this cause of action as permitted by the grievance procedure in effect at the Covington County Jail. Moreover, the time for utilizing the grievance procedure with respect to the claims raised by Howard expired prior to the filing of this case. Thus, the administrative remedy provided by the defendants is no longer available to Howard. Moreover, Howard has

presented no circumstances which justify his failure to exhaust the jail's grievance procedure. Under these circumstances, the court finds that the claims presented in this cause of action are subject to dismissal for Howard's failure to exhaust an administrative remedy, *Ngo*, 548 U.S. at 87-94, and that dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1 (acknowledging that where administrative remedies are clearly time barred or otherwise infeasible inmate's failure to exhaust may "correctly result in a dismissal with prejudice."); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Johnson*, 418 F.3d at 1157 (same); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (indicating inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available "administrative remedies have become unavailable after prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED as the plaintiff failed to file his complaint within two-years of the claims related to medical treatment provided to him in

2009 and because he failed to properly exhaust an administrative remedy previously available to him at the Covington County Jail with respect to all claims made the basis of this civil action.

2. This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to timely file the 2009 claims and for his failure to properly exhaust an administrative remedy provided to him during his confinement in the Covington County Jail as this remedy is no longer available to him with respect to the claims presented in the this cause of action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 21, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 7th day of May, 2014.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE